ROBERT L. BLAND, Judge,
dissenting.
I do not think that the facts set forth in the record of this claim, prepared by the head of the department concerned and submitted to the court of claims under section 17 of the court act warrant an appropriation of the public revenues. I have heretofore had occasion in other statements to say that the public funds of the state are not to be indiscriminately appropriated by the Legislature. In some former dissenting opinion I said:
“The scheme for the creation of the court of claims was carefully considered and worked out by an interim committee of the Legislature. In its report to the Legislature that committee expressly stated: ‘A short- . ened procedure is provided for small claims where no question of fact or liability is in issue.’ For such purposes only should the shortened procedure provision of the court act be used.’’
*76 It does not necessarily follow that by reason of the happening of an accident that the public funds of the state should be appropriated to compensate an injured person. It is well understood that taxes may only be levied and collected for public purposes. The public revenues may not be appropriated in favor of a private individual unless such appropriation be for a public purpose. I see no moral obligation on the part of the state to pay the claim in question. As a matter of fact it occurs to me that entirely too much stress has been placed upon the term “moral obligation.” Certainly the claimant has no legal right to the award made by majority members of the court. Equity follows the law. The head of an agency might look with favor upon an award in certain circumstances when such award would not be proper under the law and could not be sustained if challenged. It is not what the head of an agency may wish to have done but what the court of claims is warranted in doing that should in all instances be our guide in making determinations. The value of recommendations made by the court of claims, a special instrumentality of the Legislature, will be measured by the correctness under the law of the advice given. I think the claim in question, which was originally presented to the court under its regular procedure, should have been investigated under that procedure and not informally considered under section 17 of the court act. I do not think that it can appear from the record of the claim, by any stretch of imagination, that “No question of fact or liability is in issue.” The record clearly shows that at the time of the accident the driver of the state truck was engaged in the discharge of his official duties. Why was claimant’s vehicle parked at the point where the accident took place? Questions of this character should be investigated by the court. When cases come to the court under its shortened procedure they are only informally considered and permit of no investigation beyond the facts set forth in the concurrence of the head of the department involved. It seems to me that for all practical purposes the shortened procedure provision of the court act should be repealed, and that all claims coming before the court should be considered by the three members of the court and a determination made upon the whole evidence.